IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                    :        CASE NO. 09-05253 (ESL)
                                          :
JOAQUIN ACEVEDO VARGAS                    :
ANGELITA FELICIANO CONCEPCION             :        CHAPTER 7
                                          :
        Debtors                           :
                                          :
_____:

OPINION AND ORDER

Before this court is the *Opposition to Motion Amending Schedule C* (Docket No. 32) filed by the Chapter 7 Trustee (the "Trustee") sustaining, *inter alia*, that Debtors cannot claim an exemption on a real property over which he had avoided the mortgage.  Debtors do not address that issue in their *Answer to Opposition of Amended Schedule C* (Docket No. 36), but rather focused on the inapplicability of certain cases cited by the Trustee.  For the reasons stated below, the Trustee's *Opposition* is denied in part and granted in part.

Procedural Background

Debtors filed a Voluntary Chapter 7 Petition with its corresponding schedules on June 29, 2009 (Docket No. 1).  In Schedule C, they claimed an exemption on a concrete house set on a lot of 2,799.534 square meters in Jaguey Ward, Aguadilla, under 11 U.S.C. § 522(d)(1), in the amount of $21,524.13, and reported its value at the time (without deducting the exemption) at $148,000.00 (the "Real Property", Docket No. 1, p. 16).  In Schedule D, Debtors reported Banco Santander as a secured creditor holding a mortgage on the Real Property in the amount of $126,475.90 without deducting the value of the collateral (Docket No. 1, p. 17).

On August 24, 2009, Debtors filed a *Motion Amending Schedule C* (Docket No. 15) to include shares with the "Cooperativa A/C de Aguada" as exempt property under 11 U.S.C. § 522(d)(5) in the amount of $3,363.43.  Also on that same day, Debtors filed a *Motion Amending Schedule D* (Docket No. 16) to eliminate the shares from the "Cooperativa A/C de Aguada" as a secured claim.  No objections were field to either motion.

On October 28, 2009, the *Discharge of Debtors* was entered (Docket No. 19) pursuant to 11 U.S.C.] § 727.

On June 27, 2011, the Trustee filed a *Complaint* in Adversary Proceeding No. 11-00132

("Adv. Proc.") under Section 544 of the Bankruptcy Code against Banco Santander to avoid the mortgage lien over Debtors' Real Property (Adv. Proc. Docket No. 1). A status conference was held on October 25, 2011 in the adversary proceeding, where Banco Santander consented to the entry of judgment in favor of Debtors (Adv. Proc. Docket No. 19: *Minute Entry*). On December 27, 2011, the Trustee filed a *Motion Requesting Entry of Judgment* (Adv. Proc. Docket No. 21) and on December 29, 2011 the Clerk of the Court entered a *Judgment* (Adv. Proc. Docket No. 23) setting aside the lien created over the Real Property[1].

Meanwhile, on December 15, 2011, Debtors filed a second *Motion Amending Schedule C* (with an amended Schedule C) asserting that Banco Santander's debt had become an unsecured claim and the liquidation value of the Real Property exceeds the exemption originally requested in Schedule C (Docket No. 31, ¶ 10, p. 2). Thus, Debtors now jointly claim an exemption on the Real Property of \$43,250 under 11 U.S.C. § 522(d)(1) and \$2,300 under 11 U.S.C. § 522(d)(5) for a total of \$45,550.00.

On December 19, 2011, the Trustee filed his *Opposition to Motion Amending Schedule C* (the "*Opposition*", Docket No. 32) contending that: (*i*) the motion is untimely and that permitting the amendments would frustrate the distribution scheme contemplated in the Bankruptcy Code; (*ii*) amendments are disallowed where the trustee has taken some action to sell or collect the property involved; and (*iii*) a debtor's exemptions can be significantly restricted if the property the debtor claims as exempt is subject to valid liens or other claims to the property. The Trustee also argues that pursuant to Section 522(g) of the Bankruptcy Code, debtors may exempt property that the trustee recovers as long as the transfer was involuntary and the property was not concealed. The Trustee alleges that the avoidance of Banco Santander's mortgage was a voluntary transfer and as a result it cannot be exempted because Section 522(g) is inapplicable.

On January 19, 2012, Debtors filed an *Answer to Opposition to Amended Schedule C* (the "*Answer*", Docket No. 36) where they basically refute that the cases cited by the Trustee in his

---

[1] An *Order* and *Writ* to the Caguas Property Registrar was subsequently entered on March 23 and 27, 2012, respectively (Adv. Proc. Docket Nos. 26 & 27).

*Opposition* are applicable to the case at bar.

Applicable law & Analysis

*(A)     Exemptions in general*

When a debtor files a bankruptcy petition, all of his/her/its assets become property of the bankruptcy estate [11 U.S.C. § 541] subject to the debtor's right to reclaim certain property as exempt under 11 U.S.C. § 522.  See Taylor v. Freeland & Kronz, 503 U.S. 638, 642, 112 S. Ct. 1644, 118 L. Ed. 2d 280 (1992).  Exempt property will be excluded from the bankruptcy estate unless a party in interest objects.  See 11 U.S.C. § 522(l); Schwab v. Reilly, 130 S. Ct. 2652, 2656; 177 L. Ed. 2d 234, 242 (2010).  Property claimed exempt becomes exempt by operation of law when no objections are filed.  See 11 U.S.C. § 522(l).  But the mere fact that debtors claim an exemption does not necessarily mean that they are entitled to it, since there must be compliance with statutory requirements and then an order of the bankruptcy court to that effect.  See 9A Am. Jur. 2d Bankruptcy § 1392; In re Rolland, 317 B.R. 402, 412 (Bankr. C.D.Cal. 2004); In re Colvin, 288 B.R. 477, 483 (Bankr. E.D.Mi. 2003); Carlucci & Legum v. Murray ( In re Murray), 249 B.R. 223, 230 (E.D.N.Y. 2000).

*(B)     Untimely amendments to exemptions*

Although not cited by either the Trustee or Debtors, a debtor may amend a claim of exemptions at any time before the case is closed as a matter of right pursuant to Fed. R. Bankr. P. 1009(a).  Caselaw has recognized two exceptions: (*i*) when debtor has delayed in amending exemptions and the delay causes prejudice to creditors or the estate or would interfere with case administration; and (*ii*) when the debtor has acted in bad faith by concealing the asset or undervaluing it during the case.  See Nancy C. Dreher and Joan N. Feeny, Bankruptcy Law Manual, Volume 1 § 5:43 (2011-12), p. 941.

The Trustee in this case sustains that Debtors' request to amend Schedule C to increase their claimed exemption on the Real Property is untimely because they claimed it after he took action to avoid the mortgage on it and that permitting such an exemption at this stage would "simply frustrate the distribution scheme contemplated under the Bankruptcy Court which encourages Trustees to act diligently and expeditiously".  ¶ 5(a) of the *Opposition* (Docket No. 32, p. 1).  Although the Trustee

3

did not quote from the source, the actual text comes from the case he cited in support thereof: In re Elridge, 15 B.R. 594, 595 (Bankr. S.D.N.Y 1981). Debtors argue that Elridge is not applicable to this case.

In Elridge, after the filing of the voluntary petition, the Chapter 7 Trustee entered into a contract with a prospective purchaser for the debtors' house in Florida. Thereafter, debtors filed an amendment of their schedules which purported to include an exemption on the Florida house to the extent of $15,000 under Florida law, although they had initially claimed all their exemptions under Section 522 of the Bankruptcy Code. The Chapter 7 Trustee objected to the amendment, *inter alia*, for untimeliness. The court concluded as follows:

> The debtors did not attempt to amend their exemptions until after the trustee successfully contracted to sell their Florida house. To permit untimely amendments after the trustee has taken action in the best interests of the estate would simply frustrate the distribution scheme contemplated under the Bankruptcy Code which encourages trustees to act diligently and expeditiously. The debtors cannot at this late stage switch from the federal exemptions under Code § 522(d) to the state exemptions under Code § 522(b). Id. at 595.

Evidently, modifying a pre-existing exemption over a real property over which a prospective purchase has already been established would imminently frustrate and/or affect the purchase and ultimately the distribution scheme. But that is not the situation in the case at bar. In the instant case, the amendment hinges upon the avoidance of a mortgage because at the time of the filing of the bankruptcy petition, no mortgage was recorded over the Real Property at the Property Registry in favor of Banco Santander and thus, no secured credit can exist over it as a matter of law[2]. No prospective purchase or bad faith has been alleged either. Consequently, in the case at bar, Elridge does not stand for the untimeliness notion argued by the Trustee. Therefore, the Trustee's untimeliness objection is denied because the present case has not been closed.

---

[2] "In Puerto Rico, it is well established that for a mortgage lien to be valid and enforceable, it must be executed through a public deed before a notary and be recorded at the Property Registry." Surita-Acosta v. Reparto Saman Inc. (In re Acosta), 464 B.R. 86, 95 (Bankr. D.P.R. 2011). See also Article 1774 of Puerto Rico's Civil Code, 31 L.P.R.A. § 5042, Article 188 of Puerto Rico's Mortgage Law, 30 L.P.R.A. § 2607, and Soto-Ríos v. BPPR (In re Soto-Ríos), 662 F. 3d 112, 115 (1st Cir. 2011) ("recording is essential to the validity of a mortgage, and thus, a mortgage must be recorded in order to exist.")

*(C)      Disallowed exemptions upon Trustee's action to sell/collect the property involved*

The Trustee also alleges that "amendments [to exemptions] are disallowed where the trustee has taken some action to sell or collect the property involved" and cites In re Houck, 15 B.R. 460 (Bankr. E.D.Mi. 1981) in support thereof.  ¶ 5(b) of the *Opposition* (Docket No. 32, p. 2).  Debtors contest the applicability of Houck to the instant case.

In Houck, debtors had a pre-petition interest in four $25 dollar U.S. Savings Bonds, which they could have exempted pursuant to Section 522(d)(5) of the Bankruptcy Code had they reported it in their schedules.  The 4 bonds actually constituted all of the assets of the estate which the trustee ultimately held for distribution to creditors.  After the first meeting of creditors, debtors disclosed their interest in the bonds upon an inquiry from the trustee, who then requested them to turn over such bonds because they were not reported as exempt.  The debtors complied, but after hiring a new attorney, they requested the trustee to return the bonds on the representation that they intended to file an amended schedule of exemptions to include the bonds.  The trustee refused and debtors filed a motion to amend the schedule for exempted property.  The trustee opposed, sustaining that he had "justifiably relied on the petition and accompanying schedules as filed by the debtors", "that they should not be entitled to amend their claim for exempt property at such a late date" and that "debtors [were] barred by laches or otherwise equitably estopped based on the [his] reliance on the original petition and schedules and his subsequent action in obtaining possession of the saving bonds."  Id. at 461-462.  The court held that there is some point in time when a trustee is justified in relying upon the debtor's claim for exemption and act accordingly, and that because the debtors of that case did not attempt to amend their claim for exemptions until almost three months after they had relinquished possession of the bonds to the trustee, they were "not entitled to amend [their exemption schedule] to include the U.S. Savings Bonds, and as a result, to compel the trustee to return them to the debtors".  Id. at 464.  The court reasoned that to rule otherwise "would unduly prejudice the heretofore diligent performance of the trustee and the now vested rights of unsecured creditor."  Id. at 464.

Contrary to the facts of that case, in the instant case, the Debtors have not relinquished any properties to the trustee nor have they sought any turnover whatsoever.  A careful analysis of Houck

5

reveals that it does not stand for the proposition that "amendments are disallowed where the trustee has taken some action to sell or collect the property involved", as purported by the Trustee in ¶ 5(b) of his *Opposition* (Docket No. 32, p. 2). Therefore, said objection is denied.

*(D)     Restrictions on the exemptions Debtors can claim on property recovered by the trustee*

The Trustee contends that a debtor's exemptions can be significantly restricted if the property the debtor claims as exempt is subject to valid liens or other claims to the property, citing Collier on Bankruptcy[3]. He also sustains that trustees are authorized to recover property and avoid transfers under Sections 510(c)(2), 542, 544, 550, 551 or 553 of the Bankruptcy Code, which vest them with the powers to recover property transferred as a result of avoidable preferences, fraudulent conveyances and statutory liens and also allows the trustee to invalidate unperfected security interests. See ¶ 5(c) of his *Opposition* (Docket No. 32, p. 2). He further argues that in order for Debtors to exempt property that he recovered, namely the Real Property, they must comply with Section 522(g) of the Bankruptcy Code, which allows debtors to exempt property recovered by a trustee as long as the transfer was involuntary and the property involved was not concealed by debtors.

Section 522(g) of the Bankruptcy Code provides as follows:

Notwithstanding sections 550 and 551 of this title [11 U.S.C. §§ 550 and 551], the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title [11 U.S.C. §§ 510(c)(2), 542, 543, 550, 551, or 553], to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if--
  (1)
        (A) such transfer was not a voluntary transfer of such property by the debtor; and
        (B) the debtor did not conceal such property; or
  (2) The debtor could have avoided such transfer under subsection (f)(1)(B) of this section.

"Once [a] lien has been avoided by the trustee, the debtor must come within … Section 522(g) … in order to avoid the operation of Section 551." In re Guido, 344 B.R. 193, 197 (Bankr. D. Mass. 2006), citing In re Dipalma, 24 B.R. 385, 387 (Bankr. D. Mass. 1982). Also see Kepler v. Weis (In re Weis), 92 B.R. 816, 820-21 (Bankr. W.D. Wisc. 1988) ("a transfer of otherwise exempt property,

---

[3] The citation that the Trustee refers to is: Allan N. Resnick and Henry J. Sommes, 4 Collier on Bankruptcy, § 522.12[l] (15th Ed. 2011).

which has been avoided under either section 547 or 548, is brought into the bankruptcy estate by section 551. Section 522(g) provides the exclusive mechanism for a debtor to assert his exemption rights after the trustee has exercised his avoidance powers").

Under Section 522(g), a debtor can exempt property that the trustee recovers if: (*i*) the avoided transfer was involuntary and the debtor did not conceal the property; or (*ii*) the debtor could have avoided the transfer under Section 522(f)(1)(B).  See William L. Norton, Jr. & William L. Norton III, Norton Bankruptcy Law and Practice, 3rd Ed. § 56:30 (2012).

As the Trustee correctly asserts[4], the Bankruptcy Code does not provide a definition for "voluntary transfer", but caselaw has.  For instance, in In re Millerburg, 61 B.R. 125, 128 (Bankr. E.D.N.C. 1986), the court determined that for Section 522(g) purposes, a "voluntary transfer" includes "the giving of a security interest".  A mortgage is a lien and a "lien" is a security interest pursuant to 11 U.S.C. § 101(37)[5].  Therefore, because a mortgage is a security interest, it constitutes a voluntary transfer.  Also see In re Endlich, 47 B.R. 802, 807 (Bankr. E.D.N.Y 1985) ("A mortgage is a consensual lien").

Similar to the facts of this case, Lassman v. OneWest Bank, FSB (In re Swift), 458 B.R. 8 (Bankr. D. Ma. E.D., October 7, 2011), sheds light on this subject.  In Swift, the Chapter 7 trustee sought to avoid, pursuant to 11 U.S.C. § 544(a)(3), a mortgage on the debtor's property that was mistakenly discharged by debtor's lender in order to preserve it for the estate pursuant to 11 U.S.C. § 551.  When the mortgage discharge was recorded, the mortgage note had not been fully paid, and the debtor had continued making payments even after its discharge.  The Trustee in the instant case, like the trustee in Swift, argued that allowing the debtor to exempt the equity in the real property after he had avoided and preserved the mortgage for the benefit of the estate would be unfair and would contravene the purpose of 11 U.S.C. § 551.  The court agreed with the trustee and concluded that under Section 522(g), because the "debtor had entered into the mortgage voluntarily", to allow him to "exempt the real property would be an illogical result, considering that outside the bankruptcy, as

---

[4] See ¶ 7 of the Trustee's *Opposition* (Docket No. 32, p. 2).

[5] "Under this definition [referring to 11 U.S.C. § 101(37], a mortgage lien is a security interest.." In re Brown, 7 B.R. 479, 480 (Bankr. M.D.Pa. 1980).

between the mortgagee and mortgagor, the unrecorded mortgage would have been satisfied before the debtor could have received any funds". Id. at 16. Thus, "the trustee, rather than the debtor, is entitled to the equity in the real property." Id. at 16. The same reasoning applies to the instant case.

Another similar case is Riley v. Sullivan (In re Sullivan), 387 B.R. 353 (B.A.P. 1st Cir. 2008). There, the Chapter 7 trustee filed an adversary proceedings against debtor and mortgagee, seeking to avoid mortgage and to preserve mortgage for benefit of bankruptcy estate, and also requesting a ruling that debtor's homestead exemption was subordinate to estate's interest in property. Relying on the decision in In re Guido, the B.A.P. ruled that "the only way for the debtor to assert his exemption right after the trustee avoided the transfer for the benefit of the estate is through Section 522(g)" and that "[s]ince the conveyance by the debtor was voluntary, he acquired no exemption rights under Section 522(g)." (In re Sullivan), 353 B.R. at 359. "Any other conclusion would defeat the purpose of § 551, by allowing a debtor, after the trustee avoided a voluntary conveyance, to exempt property and gain the equity for himself." Id. at 359. The same reasoning applies to the case at bar.

In short, "[t]he language of [Section] 522(g)(1) expresses Congress' intent to prevent the situation in which a trustee incurs expenses, to be paid by the estate, to recover ... property, only to have the debtor exempt it after the effort has been made." Stornawaye Fin. Corp. v. Hill (In re Hill), 387 B.R. 339, 347 (B.A.P. 1st Cir. 2008).

Conclusion

In view of the foregoing, Debtors' *Motion Amending Schedule C* and *Answer to Opposition to Amend Schedule C* (Docket Nos. 31 & 36) are hereby denied. Consequently, the Trustee's *Opposition* (Docket No. 32) is hereby granted. The Debtors may not amend the claim for exemption pursuant to Section 522(g) as the Trustee recovered for the benefit of the bankruptcy estate a voluntary transfer of an interest in the Real Property.

SO ORDERED.

In San Juan, Puerto Rico, this 17th day of April, 2012.

Enrique S. Lamoutte
United States Bankruptcy Judge

8